## Case No. 10,487.

### The OLIVE.

[Blatchf. Pr. Cas. 185.] [1]

District Court, S. D. New York.   June 20, 1862.

PRIZE—ENEMY PROPERTY.

Vessel and cargo condemned as enemy property.

In admiralty.

BETTS, District Judge. The above vessel and cargo were captured by the United States ship-of-war New London, in November, 1862, in Mississippi Sound, off Biloxi. The schooner was loaded with lumber, and was directing her course towards the Mississippi passes. It appears, from the papers found on board of her, that she was enrolled and licensed at the port of Pensacola under the authority of the Confederate States, as owner by residents on Florida, thus being enemy property. On her arrest she was, under the directions of the United States naval officer in command, taken to Ship Island, and the vessel and cargo were there appraised,—the vessel at $700, and the cargo of lumber, being 42,000 feet, at $25 per thousand feet, and the vessel and cargo were, at that valuation, appropriated to the military use of the United States. On the libel filed May 19, 1862, in this court, and the return of service and notice of the attachment and monition issued therein, and on public proclamation on such return made, no appearance being entered for the vessel or the cargo, judgment by default is rendered on motion of the United States attorney, condemning the vessel and cargo to be forfeited, and that the sums so appraised as the value thereof be paid into the registry of the court in satisfaction of said decree and forfeiture.

## Case No. 10,488.

### OLIVE et al. v. MANDEVILLE.

[1 Cranch, C. C. 38.] [2]

Circuit Court, District of Columbia.   Oct. Term, 1801.

PRACTICE—MOTION TO APPEAR WITHOUT BAIL BEFORE APPEARANCE DAY.

A motion, made before the appearance day, to appear without bail, will not be heard if the defendant be not in actual custody.

[This is an action by Olive, Colcott & Co. against Mandeville.]

The writ was returnable to this term. The appearance day of this term is the day after the rising of the court.

Motion by Mr. Jones to appear for the defendant without bail, grounded on the defendant's discharge under the bankrupt law of England.

The plaintiff's counsel, R. J. Taylor, made affidavit that the defendant's motion was made the last evening; that he is informed and believes that John Sutton will prove that the discharge was obtained by fraud; that he has called twice at the house of Sutton, and was informed that he was so ill that he could not be seen; and thereupon moved that the defendant's motion might be continued till next term. The defendant had given appearance-bail.

THE COURT would not now, in this case, the defendant not being in actual custody, hear the motion to appear without bail before the appearance day.